IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID DAHLER,

                                     ORDER

                Petitioner,

                              09-cv-36-bbc

      v.

C. HOLINKA, Warden,

                Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioner David Dahler, a prisoner at the Federal Correctional Institution in Oxford, Wisconsin, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the legality of his June 6, 1995 conviction in this court for possession of a firearm by a felon, 18 U.S.C. § 922(g)(1).  United States v. Dahler, case no. 95-cr-10-jcs. He contends that this court lacked subject matter jurisdiction under both 18 U.S.C. §§ 922 and 3231.  Although petitioner has paid the $5 filing fee, his petition will be dismissed for lack of jurisdiction.

Petitioner presents his claims in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  However, a prisoner seeking to attack his conviction or sentence on the ground that the court was without jurisdiction must do so on direct appeal or in a motion

1

filed under 28 U.S.C. § 2255.  Kramer v. Olson,  347 F.3d 214, 217 (7th Cir. 2003).  The substance, not the label, of petitioner's motion controls the treatment of his request for relief.  United States v. Carraway, 478 F.3d 845, 848 (7th Cir. 2007).  Choosing to use § 2241 or § 2255 to mount a collateral attack on a judgment or sentence is not simply a matter of preference because § 2255 is petitioner's exclusive remedy unless "the remedy by motion is inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e); Collins v. Holinka, 510 F.3d 666, 667 (7th Cir. 2007).  The Court of Appeals for the Seventh Circuit has explained that § 2255 is inadequate when its provisions limiting multiple motions prevent a prisoner from obtaining even one round of effective collateral review of a legal theory that "establishes the petitioner's actual innocence."  Kramer, 347 F.3d at 217 (quoting Taylor v. Gilkey, 314 F.3d 832, 835 (7th Cir. 2002)).

Petitioner provides no reason why § 2255 is "inadequate or ineffective" to address his claims.  In fact, petitioner alleges in his petition and a review of public records available through the federal courts' PACER system indicate that he already has appealed his conviction and filed at least two § 2255 motions, one in 1996 and another in 2001.  Dkt. #1 at x-xii; see also Dahler v. United States, 259 F.3d 763 (7th Cir. 2001) (denying petitioner's application for authorization of second collateral attack under § 2255).  Although both of petitioner's previous § 2255 motions were denied, denial does not make § 2255 "inadequate or ineffective."  In re Davenport, 147 F.3d 605, 609 (7th Cir. 1998).

2

Therefore, to avail himself of the savings clause in § 2255, petitioner "must first show that the legal theory he advances relies on a change in the law that . . . postdates his first § 2255 motion." Kramer, 347 F.3d at 217 (citing In re Davenport, 147 F.3d at 611). Petitioner has failed to make such a showing.

In the instant petition, petitioner argues that 18 U.S.C. § 3231 is unconstitutional because it never passed both houses of Congress in the 1940s and that 18 U.S.C. § 922(g)(1) (enacted in 1968) violates the Second Amendment, the equal protection clause of the Fifth Amendment and the commerce clause. None of these arguments rely on a change in federal law since 1998. Even if petitioner has never raised his current claims, they are issues that could have been raised on direct appeal or an earlier collateral attack. Failing to raise an issue on a previous collateral attack does not entitle petitioner to yet another collateral attack because "[s]ociety is unwilling to expend indefinitely large judicial resources on repeated testing of the accuracy of a determination of guilt." Davenport, 147 F.3d at 610. Therefore, the petition will be reviewed under § 2255.

Because petitioner has already filed at least two previous § 2255 petitions, he cannot file a successive petition without first obtaining permission to do so from the Court of Appeals for the Seventh Circuit. 28 U.S.C. § 2255(h); Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996) ("A district court must dismiss a second or successive petition without awaiting any response from the government unless the court of appeals has given approval

3

for the filing.")  Petitioner does not allege that he has sought or obtained such permission.

Therefore, the instant petition must be dismissed for lack of jurisdiction.


ORDER

IT IS ORDERED that petitioner David Dahler's motion brought pursuant to 28

U.S.C. § 2255, improperly titled as a petition for a writ of habeas corpus pursuant to 28

U.S.C. § 2241, is DISMISSED for lack of jurisdiction.

Entered this 16th day of March, 2009.

BY THE COURT:

/s/

_____

BARBARA B. CRABB
District Judge

4